WATSON, Judge,
dissenting:
Civil Code article 39, as applied in this case, is obviously a discrimination against plaintiff because she is female. Therefore, it violates Louisiana Constitution of 1974, art. 1, § 3, which provides as follows:
“No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime.”
The principal opinion says that Article 39 is part of the scheme of laws designed to protect marriage, home and family. In my opinion, prohibiting a woman from establishing a separate domicile and bringing suit for separation in some parish other than where her husband resides has no relationship whatsoever to accomplishing all these good things.
The Codal Article may also violate the Equal Protection Clause of the United States Constitution. However, the United States Supreme Court has not provided a precise test to apply when considering a state statute based on gender classification.[1]
I would hold Article 39 violative of the Louisiana Constitution of 1974 as applied in the case at bar.
Therefore, I respectfully dissent.

. For a superb analysis of this problem, see Note, 38 La.L.R. 642, by Ms. Nancy Clark Tyler.